IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VELETTA COLEMAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2608-D-BK |
| | § | |
| CAROLYN W. COLVIN, Commissioner | § | |
| Social Security Administration, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *pro se* complaint was referred to the United States magistrate judge for judicial screening. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED** for want of jurisdiction and for failure to state a claim upon which relief can be granted.[1]

**I. BACKGROUND**

On September 13, 2016, Plaintiff sued Carolyn Colvin, former Commissioner of the Social Security Administration, for employment discrimination. Doc. 2 at 1. She alleged in summary fashion the following:

> Age Discrimination, Disability Discrimination, Equal Pay/Compensation Discrimination, Harassment (sexual and non-sexual), National Original, Race/ Color Discrimination, Retaliation, Sex Discrimination, Program Discrimination

---

[1] Although *pro se*, Plaintiff is registered to file pleadings electronically through the ECF system. However, Plaintiff has repeatedly failed to upload her pleadings correctly in the ECF system. Instead of filing a main document with multiple pages and attached exhibits, Plaintiff has docketed each page as a separate attachment, which has made it difficult to cite her pleadings.

  (SSDI) and (SSI), Medicare Act, Disability & Work Situations, Disability Discrimination & Harassment, and Disability Discrimination & Reasonable Accommodation.  Unethical Conduct and Abuse of Management Power.

Doc. 2 at 2.

  The Court issued (1) a deficiency order requiring that she file an amended complaint in compliance with FED. R. CIV. P. 8(a), and (2) a questionnaire inquiring about the exhaustion of administrative remedies.  Doc. 24; Doc. 25.  On December 20, 2016, Plaintiff filed an amended complaint seeking relief for violations of:

  the Americans with Disability Act (ADA) 1990, The Rehabilitation Act of 1973 (Sections 501 and 505), The Age Discrimination in Employment Act of 1967 (ADEA), Employee Retirement Income Security Act of 1974 (ERISA), Title VII of the Civil Rights Act of 1964, the Equal Pay Act, Fair labor Standards Act (FLSA), The Texas Unemployment Compensation Act; Sections 102 and 103 of the Civil Rights Act of 1991; Section 205 (g) of the Social Security Act, 42 U.S.C. s 405(g), for benefits under Title II, XVI and XVIII of the Social Security Act (XXX-XX-6239 is the wage record that benefits are filed) including, husbands' child in care benefits on the exact same SSDI record; applicable various state and local laws; "No FEAR Act" ("Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 enacted by Congress on May 15, 2002) on the basis of her disability, age, race/color (including, intraracism), sex, and marital status (5 U.S.C. 2302(b)(1), 29 U.S.C. 206(d), 29 U.S.C. 631, 29 U.S.C. 633(a)(c), 29 U.S.C. 791 and 42 U.S.C.

Doc. 28 at 1.

  Plaintiff specifically asserts that as an individual with a documented disability, she was re-employed by the Social Security Administration from May 17, 2015, until May 16, 2016, as a service representative under Office of Personnel Management (OPM) schedule A hiring authority.  Doc. 28-1; Doc. 28-2.  She claims she was the "victim of Agency tolerated, willful and unlawfully practiced discrimination" and, "wasn't allowed to fully participate in all aspects of her former job position (Service Representative/Contact Representative) and was precluded from doing so because of the repeatedly practiced, willful and unlawful discrimination and

organized gang activity" by individuals identified in the complaint. Doc. 28-2. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964. Doc. 28-4. Specifically, she requests compensatory and punitive damages, reinstatement of her job, reasonable accommodations, back pay, attorney fees, and an order directing that Defendant "cease and desist any future discrimination, harassment, and retaliation by the Agency." Doc. 28-3; Doc. 28-4.

With the amended complaint, Plaintiff also filed answers to the magistrate judge's questionnaire. Doc. 27 at 1.[2] On March 15, 2017, she filed a supplemental pleading that included a letter from the Social Security Administration, dated March 2, 2017, notifying Plaintiff that the administrative claims she filed with the Equal Employment Office (EEO) had been "terminated" due to her initiation of the instant civil lawsuit. Doc. 31-5.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

---

[2] With the answers to the questionnaire, Plaintiff included an objection in which she avers that she does not consent to proceed before the undersigned magistrate judge. Doc. 27-6. Apparently, Plaintiff is under the mistaken belief that her consent is required for any referral of the case to the magistrate judge, including for preliminary screening and a recommended disposition. As indicated in the notice at the end of this recommendation, Plaintiff will have 14 days to file written objections to the findings, conclusions and recommendations herein.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. RULE CIV. PROC. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's complaint should be summarily dismissed.

### A. Court lacks jurisdiction over Title VII, ADEA, and Rehabilitation Act claims

The Court lacks jurisdiction over Plaintiff's employment discrimination claims because she has failed to show that she exhausted her administrative remedies. Moreover, the Rehabilitation Act subjects the plaintiff to the same procedural constraints set forth in Title VII, including exhaustion of administrative remedies. *Smith v. Potter*, 400 F. App'x 806, 811 (5th Cir. 2010) (*per curiam*) (*quoting Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). Before bringing suit under Title VII or the Rehabilitation Act, a federal employee must therefore exhaust her administrative remedies by filing a charge of discrimination with the EEO division of her agency. *Id.*

To completely exhaust administrative remedies, the federal employee "must either (1) receive notice of final action taken by the agency or by the EEOC upon an appeal from a decision or order of the agency, or (2) wait until 180 days have passed from the filing of the administrative complaint without final agency action." *Id.* (citing 42 U.S.C. § 2000e-16(c)). Moreover, where the agency notifies the employee in writing, that some but not all the claims in an EEO complaint should be dismissed, "such notification is not a final action or appealable until

final action is taken on the remainder of the complaint." *Id.* (citing 29 C.F.R. § 1614.107(b))). Compliance with the administrative exhaustion requirements of 42 U.S.C. § 2000e-16 is a jurisdictional requisite for federal employees. *Tolbert v. United States,* 916 F.2d 245, 247 (5th Cir. 1990); *Smith*, 400 F. App'x at 811. Thus, a plaintiff's failure to exhaust administrative remedies "wholly deprives the district court of jurisdiction over the case." *Tolbert,* 916 F.2d at 247.

Additionally, when a federal employee brings a claim of age discrimination under the ADEA, as in this case, the employee may either pursue her administrative remedies or proceed directly to federal district court. *See Smith*, 400 F. App'x. at 809-811 (citing *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5 (1991); *White v. Frank*, 718 F. Supp. 592, 595 (W.D. Tex. 1989), *adopted by White v. Frank*, 895 F.2d 243, 243-244 (5th Cir. 1990) (*per curiam*)). However, if the employee pursues "the administrative route, he must completely exhaust his administrative remedies before commencing suit in federal court." *Id*. (quotations and quoted case omitted).

Here, Plaintiff's original and amended complaints are silent about exhaustion of administrative remedies. Doc. 2 at 1-2; Doc. 28 at 1-4 and Doc. 29 at 1. However, the attachments to her original complaint confirm that Plaintiff commenced administrative proceedings with the EEO of the Social Security Administration in 2015 and 2016, raising claims under Title VII, the Rehabilitation Act, and the ADEA. *See* August 6, 2016 letter from the Office of Civil Rights and Equal Opportunity (OCREO) partially accepting for investigation and partially dismissing Plaintiff's EEO complaints in Case Nos. 16-03340-SSA and 16-0544-SSA, Doc. 2 at 13-20; and September 1, 2016 letter from the EEO investigator regarding the pending investigation of Plaintiff's EEO complaint in Case No. 15-0544. Doc. 2 at 21-22. Thus, having initiated the administrative complaint process, Plaintiff was obligated to pursue her

administrative remedies to completion as to all of her claims (Title VII, Rehabilitation Act, and ADEA) before commencing this suit.

Nevertheless, the supplemental response to the questionnaire shows that on March 2, 2017, the OCREO terminated the processing of Plaintiff's EEO complaints because of the pendency of this federal lawsuit.  Doc. 31-5; Doc. 31-6.  The March 2 letter referenced the 2016 EEO complaints – Case. Nos. 16-0544-SSA, 16-0340-SSA, which had recently been referred for investigation – as well as the 2015 EEO complaint – Case No. 15-1093-SSA, which the EEOC had remanded for an investigation on January 4, 2017.  Doc. 31-5; Doc. 31-1.[3]  The OCREO explained:

> Under Equal Employment Opportunity Commission legal precedent, "Commission regulations mandate dismissal of the EEO complaint under these circumstances so as to prevent a Complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, and in order to grant due deference to the authority of the federal district court." *Complainant v. Social Security Administration*, EEOC Petition No. 0420130009 (July 26, 2013), citing 29 C.F.R. § 1614.409.

Doc. 31-5.

Based on the foregoing, the Court can only conclude that Plaintiff has not exhausted her administrative remedies.  Plaintiff does not dispute that the processing of her EEO complaints was terminated on March 2, 2017, due the premature filing of this court action.  Doc. 31.  Moreover, Plaintiff neither received a final agency decision nor waited 180 days from the filing of the administrative complaint before filing this action.  She filed this action on September 13, 2016, just over a month after her 2016 EEO complaints were accepted for investigation.  Doc. 2

---

[3] Plaintiff has not provided a copy of the January 4, 2017, EEOC decision reversing the final agency decision in No. 15-1093.

at 1. It is "obvious that anyone who files too early, has, by definition, filed before she has exhausted her administrative remedies." *Tolbert*, 916 F.2d at 248.

Accordingly, because Plaintiff did not exhaust her administrative remedies before filing this action, the Court lacks jurisdiction over her Title VII, ADEA, and Rehabilitation Act claims. *See Tolbert,* 916 F.2d at 247 (holding that a federal employee's failure to exhaust administrative remedies "wholly deprives the district court of jurisdiction over the case"); *Atkins v. Kempthorne,* 353 F. App'x 934, 936 (5th Cir. 2009) ("[A] premature [lawsuit] constitutes a failure to exhaust administrative remedies and requires dismissal of the complaint for lack of jurisdiction.").

### B. American with Disabilities Act claim cannot be pursued against a federal agency

Plaintiff also pleads a claim under the American with Disabilities Act (ADA) based on a disability. Doc. 28 at 1. However, the ADA does not permit claims against the federal government and its agencies. Thus, Plaintiff's ADA claim against the Social Security Administration, a federal agency, through its former Commissioner should be dismissed for failure to state a claim. *See Smith v. Potter*, 400 F. App'x. 806, 812 (5th Cir. 2010); 42 U.S.C. § 12111(5)(B)(i) (the term "employer" does not include the United States).

### C. Remaining allegations do not state viable claims for relief

Lastly, Plaintiff raises claims under "the Equal Pay Act, Fair labor Standards Act (FLSA), The Texas Unemployment Compensation Act; . . . Section 205 (g) of the Social Security Act, 42 U.S.C. s 405(g), for benefits under Title II, XVI and XVIII of the Social Security Act . . . including, husbands' child in care benefits . . . [and the] 'No FEAR Act.'" Doc. 28 at 1. However, Plaintiff has provided no factual enhancement in support of these claims. Doc. 28 at 2-4. Moreover, her conclusory allegations do not "raise [her] right to relief above the

Page **7** of **10**

speculative level." *Twombly*, 550 U.S. 544, 555. Plaintiff offers nothing more than "labels and conclusions" in support of her claims. *Id.* While Rule 8(a), of the Federal Rules of Civil Procedure, does not require a plaintiff to include detailed factual allegations, a litigant must still provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. In this instance, Plaintiff has clearly failed to present more than a "naked assertion" devoid of "further factual enhancement." *Twombly,* 550 U.S. at 557. In sum, she has asserted absolutely no basis for a grant of relief. Accordingly, Plaintiff has failed to state a claim that is plausible on its face under any of the statutory provisions listed above.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend the complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009). However, for the reasons stated above, Plaintiff's claims under Title VII, ADEA, the Rehabilitation Act, and ADA are fatally flawed and cannot be cured by amendment. Consequently, granting leave to amend those claims would be futile. Thus, Plaintiff's claims under Title VII, ADEA, and the Rehabilitation Act should be dismissed without prejudice for lack of jurisdiction, and her claim under the ADA should be summarily dismissed with prejudice for failure to state a claim.

However, it is not clear that Plaintiff cannot <u>possibly</u> state viable claims for relief under the Equal Pay Act, the FLSA, the Texas Unemployment Compensation Act, 42 U.S.C. § 405(g), and/or the "No Fear Act" against a defendant, if given the opportunity to do so. *See Brown v. Texas A&M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,'" he must be permitted

to amend his claim if he can do so.).  **Accordingly, Plaintiff is granted 14 days from the date of this Recommendation to amend her complaint to state viable claims under the Equal Pay Act, the FLSA, the Texas Unemployment Compensation Act,** 42 U.S.C. § 405(g)**, and/or the "No Fear Act," against at least one defendant, if she chooses to do so.**

If Plaintiff subsequently fails to plead viable claims for relief under the Equal Pay Act, the FLSA, the Texas Unemployment Compensation Act, 42 U.S.C. § 405(g) (judicial review of a decision of the Commissioner denying Social Security benefits), and/or the "No Fear Act" against at least one defendant, those claims in her original and/or amended complaints should be dismissed with prejudice for failure to state a viable claim.  *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (holding that the "requirements of basic fairness" required that "a district court may only dismiss a case *sua sponte* after giving the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond.").

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's employment discrimination claims under Title VII, the Age Discrimination in Employment Act, and the Rehabilitation Act be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and that Plaintiff's American with Disabilities Act claim be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  It is further recommended, that Plaintiff's remaining claims under the Equal Pay Act, the Fair Labor Standard Act, the Texas Unemployment Compensation Act, 42 U.S.C. § 405(g), and/or the "No Fear Act" be **DISMISSED WITH PREJUDICE** for failure to state a claim, unless Plaintiff files an amended complaint alleging a viable claim against at least one defendant under the Equal Pay Act, the Fair Labor Standard Act, the Texas Unemployment

Compensation Act, 42 U.S.C. § 405(g), and/or the "No Fear Act" **within 14 days of the date of this recommendation**.

SIGNED April 13, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE